IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


UNITED STATES OF AMERICA      *
                                       *
v.                               *       Criminal No. WMN-09-467
                               *       Civil No. WMN-14-1104
TERRELL ROGERS             *
                                       *
                                     *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM AND ORDER**

Pending before the Court are various motions filed by Petitioner Terrell Rogers: (1) a Motion for Status Report or Hearing, ECF No. 142; (2) a motion filed under Rule 60(b), ECF No. 144; (3) a second petition under 28 U.S.C. § 2255, ECF No. 146; and (4) a Motion to Correct Clerical Error, ECF No. 148. For the reasons stated herein, the Court determines that no hearing is necessary, Local Rule 105.6, the Motion for Status Report or Hearing is moot, and the remaining motions will be denied.

As to Mr. Rogers's first motion, for a status report or hearing, the Court notes that Mr. Rogers's request appeared to be based on a misunderstanding of this Court's previous Order. The Court responded accordingly to Mr. Rogers's request in a letter dated November 19, 2013.  ECF No. 143.  The motion is therefore moot.

1

Mr. Rogers has also filed a motion pursuant to Rule 60(b),[1] seeking for this Court to set aside its previous Order, ECF No. 140, denying his original § 2255 petition.  After Mr. Rogers filed his § 2255 petition, ECF No. 130, the Court ordered the Government to respond, ECF No. 131, which it did.  ECF No. 132. After the Government's response was filed, Mr. Rogers filed a reply, ECF No. 135, and, later, a "Motion to Amend" his § 2255 Motion.  ECF No. 136.  Although the Court granted the motion to amend, ECF No. 140, it did not issue an order directing the Government to respond to the supplemental argument.

In the supplement to his petition, Mr. Rogers argued that the Court's sentence violated the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), and that his appellate counsel was deficient for failing to raise the issue on direct appeal. Specifically, Mr. Rogers asserted that the Court, by considering conduct not submitted to the jury in applying a cross-referencing provision of the Sentencing Guidelines, engaged in judicial fact-finding that unconstitutionally increased his penalty beyond the statutory maximum in violation of Apprendi. In ruling on Mr. Rogers's § 2255 petition, the Court noted that,

---

[1] Because Mr. Rogers's Motion attacks his collateral review proceedings, and not his underlying conviction, the Court may consider it, as it is not a successive petition. See generally United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

because it had determined at sentencing that Mr. Rogers was an Armed Career Criminal and subject to an enhanced penalty under 18 U.S.C. § 924(e), there was no applicable statutory maximum. Accordingly, it denied Mr. Rogers relief.  ECF Nos. 139, 140.

In his 60(b) Motion, Mr. Rogers contends that this Court should set aside its order on his original § 2255 Motion and order the Government to respond to his supplement prior to issuing a decision.  He claims that, under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,[2] this Court should have issued an order directing the Government to respond.  Because it did not do so as to the supplement, and later "denied," rather than "dismissed" his § 2255 Motion in whole, Mr. Rogers asserts that "the integrity of the proceedings" is in question and, as a result, the judgment should be set aside and the Government ordered to respond.

At the outset, the Court notes that, to the extent dismissal and denial are separate dispositions, it appears, in this context, to be largely a distinction without a difference.

---

[2] Rule 4(b) provides that "[t]he judge who receives the [§ 2255] motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

Compare, e.g., Dyess v. United States, Civ No. 2:08-00849, Crim.

No. 2:99-00012-01, 2011 WL 3667528, at *13 (S.D. W.Va. Aug. 22,

2011) (denying Mr. Dyess's Petition to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255) with United States v.

Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (noting, on appeal,

that the District Court acted in compliance with Rule 4(b));

compare United States v. Jackson, Crim. No. 5:10cr00026, 2012 WL

681842, at *6 (W.D. Va. Mar. 1, 2012) (denying Jackson's motion

to vacate) with United States v. Jackson, 554 F. App'x 156, 162

(4th Cir. 2014) (characterizing the District Court's action as a

summary dismissal). In considering Mr. Rogers's supplement, the

Court, notwithstanding the absence of a Government response,

determined that Mr. Rogers was not entitled to relief. At most,

therefore, ordering a response to a petition supplement that the

Court determined, after an independent review of the record, was

without merit would serve only to place the Government's

objections to Mr. Rogers's supplement on the record.[3] See Raines

v. United States, 423 F.2d 526, 529 (4th Cir. 1970) (noting that

---

[3] The Court acknowledges that the Government will "not
infrequently . . . admit the merit or veracity of some or all of
the petitioner's assertions." See Jackson, 554 F. App'x at 159
(quoting Raines v. United States, 423 F.2d 526, 529 (4th Cir.
1970)). Because the Government's response to Mr. Rogers's
second § 2255 motion (which is substantively similar to his
supplement) disclaims his entitlement to relief, it is clear
that this is not such a situation.

requiring a response "afford[s United States attorneys] the opportunity to state the government's position").

Moreover, the issues raised in Mr. Rogers's supplement were primarily legal, not factual. Cf. United States v. Jackson, 554 F. App'x 156 (4th Cir. 2014) (holding that the district court erred in failing to require the government to respond where there were factual issues regarding a claim of ineffective assistance of counsel related to the proffer of a plea agreement). Although it is generally best to require a responsive pleading, see, e.g., id. at 159, the Court does not find, in this instance, that any harm resulted to Mr. Rogers. Thus, it is the Court's view that it acted within Rule 4(b) in denying Mr. Rogers's supplement to his § 2255 Motion without requiring a response from the Government.

Even assuming that a response to the supplement was required, however, the Court would nonetheless deny Mr. Rogers's 60(b) Motion. Mr. Rogers's second § 2255 Motion raises substantively the same issues as his supplement. Compare ECF No. 136 (supplemental petition) (arguing that this Court engaged in judicial fact finding in violation of Apprendi) with ECF No. 146 at 4 (second § 2255 petition) (arguing that this Court engaged in judicial fact finding in violation of Apprendi and Alleyne v. United States); see also id. (noting that he previously raised his grounds for relief in his original 28

5

U.S.C. § 2255 petition).  The Government was ordered to respond to the second § 2255 Motion, and has done so, contending that Mr. Rogers's petition is both procedurally and substantively barred.  See ECF No. 149 at 8-15 (Government's response) (responding to (1) whether the District Court "improperly made additional factual findings" in imposing the 292-month sentence; and (2) whether the District Court "erred in imposing a penalty in excess of the statutory maximum for a violation of 18 U.S.C. § 922(g) on the basis of judicial fact finding").

In response to Mr. Rogers's Apprendi-specific contentions, the Government notes that the Court's application of the cross-reference was approved by the Fourth Circuit on direct appeal. See ECF No. 149 at 14-15 (citing United States v. Rogers, 457 F. App'x 268, 270 (4th Cir. 2011)).  The Government argues, moreover, that the Court did not increase Mr. Rogers's penalty beyond a statutory maximum in violation of Apprendi, surmising that Mr. Rogers "conflated maximum with minimum."  ECF No. 149 at 14.  Specifically, the Government notes, because the Court determined that Mr. Rogers was an armed career criminal and accordingly subject to an enhanced penalty providing for a mandatory minimum of fifteen years imprisonment with no statutory maximum, see 18 U.S.C. § 924(e), the Court acted within the bounds of Apprendi.

The Court agrees that Apprendi does not make impermissible

the Court's consideration of Mr. Rogers's related conduct in

sentencing him within the applicable guidelines range, for the

reasons previously articulated by this Court and in the

Government's response.  Thus, even considering the Government's

response to the arguments raised in Mr. Rogers's supplement, the

Court would deny him relief.

As to Mr. Rogers's second § 2255 petition specifically, the

Court finds that it is procedurally barred as a successive

petition.  Section 2255 bars successive applications for post-

conviction relief unless they are certified, as provided in 28

U.S.C. § 2244, by a panel of the appropriate court of appeals to

contain

> (1)  Newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or
> (2)  A new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Here, Mr. Rogers has not obtained the

proper certification from the Fourth Circuit Court of Appeals.

Moreover, Mr. Rogers argues principally that he is entitled

to relief under Alleyne v. United States, 133 S. Ct. 2151

(2013), in which the Supreme Court extended Apprendi, holding

that any fact that increases the mandatory minimum sentence for

a crime is an "element" of the crime, as opposed to merely a
"sentencing factor," and therefore must be found by the jury.
133 S. Ct. at 2155.  Alleyne, however, is not retroactively
applicable, and thus is of no avail to Mr. Rogers.  See, e.g.,
United States v. Stewart, 540 F. App'x 171, 172 n.1 (4th Cir.
2013) ("We note that Alleyne has not been made retroactively
applicable to cases on collateral review."); Wilson v. United
States, Civ. No. PJM-12-1136, Cr. No. 03-0457, 2014 WL 1292224,
at *6 (D. Md. Mar. 27, 2014); Christian v. United States, Civ.
No. CCB-13-2868, Cr. No. CCB-03-0351, 2013 WL 5566507, at *1 (D.
Md. Oct. 8, 2013).  See also United State v. Redd, 735 F.3d 88,
91-92 (2d Cir. 2013); Simpson v. United States, 721 F.3d 875,
876 (7th Cir. 2013).

    Although the Court ordered the Government to respond in
light of the Fourth Circuit's recent decision in United States
v. Whiteside, 748 F.3d 541 (4th Cir. 2014), pet. for reh'g en
banc granted, 2014 WL 3377981 (4th Cir. July 10, 2014), it also
does not accord Mr. Rogers relief.  In Whiteside, the Fourth
Circuit considered whether a petitioner could "challenge his
sentence on collateral review based on an incorrect application
of the career offender enhancement."  Id. at 548.
Notwithstanding that an incorrect application of the career
offender enhancement is a non-constitutional error, the Fourth

Circuit found its improper application to be a "fundamental miscarriage of justice." Id.

Whiteside is, however, inapplicable here. Notwithstanding that his petition is procedurally barred as a successive application, Rogers does not contend that this Court improperly classified him as an armed career criminal, nor does he contend that subsequent decisions have retroactively made that classification inappropriate. To the contrary, he takes issue only with the Court's alleged Apprendi and Alleyne violations. Thus, Whiteside does not provide Mr. Rogers with relief. His petition will therefore be dismissed.

As noted supra, in order for Mr. Rogers to file a successive application for relief in the district court, he must first obtain authorization from the Fourth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3). The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Mr. Rogers wish to seek authorization to file a successive petition with the appellate court.

Additionally, the Court declines to issue a certificate of appealability. A certificate of appealability may issue only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because Mr. Rogers has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a certificate of appealability.

Last, the Court will deny Mr. Rogers's "Motion to Correct Clerical Error." Construing his motion as a motion to reconsider, the Court nonetheless finds that he is not entitled to resentencing on Count 3. Amendment 750 to the U.S. Sentencing Guidelines lowered the offense levels for crimes involving certain quantities of crack cocaine. Mr. Rogers was held accountable in Count 3 for only .62 grams of cocaine base. This quantity of cocaine base was so miniscule that it did not impact the guidelines, and is not impacted by Amendment 750. Consequently, Mr. Rogers is not entitled to resentencing.

Thus, for the reasons stated herein, it is this 6th day of August, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1) The Motion for Status Report or Hearing, ECF No. 142, is MOOT;

2) The Rule 60(b) Motion, ECF No. 144, is DENIED;

3) The Motion to Vacate under 28 U.S.C. 2255, ECF No. 146, is DISMISSED;

4) The Motion to Correct Clerical Error, ECF No. 148, is DENIED;

5) A Certificate of Appealability SHALL NOT ISSUE; and

6) The Clerk SHALL PROVIDE a copy of the foregoing Memorandum and Order and a copy of the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of District Court to consider second or successive application for relief) to Mr. Rogers.


_____/s/_____
William M. Nickerson
Senior United States District Judge