IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CIVIL NO. WMN-16-2461 |
| v. | * | |
| | * | CRIMINAL NO. WMN-09-467 |
| TERRELL ROGERS | * | |
| | * | |

\*\*\*\*\*\*\*

## GOVERNMENT'S RESPONSE TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

The United States of America, through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Debra L. Dwyer, Assistant United States Attorney, respectfully submits the following response in opposition to the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence (collectively referred to hereafter as "Motion"). The Petitioner is *pro se*. The Motion raises no meritorious issues and should be denied.

## PROCEDURAL BACKGROUND

On June 9, 2010, Petitioner was found guilty by a jury of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841; and Conspiracy to Engage in Witness Tampering, in violation of 18 U.S.C. § 1512(k). Prior to Petitioner's sentencing, the United States Probation Office completed a presentence report ("PSR").

On December 2, 2010, the Court sentenced Petitioner to a total term of 292 months imprisonment. On December 7, 2011, the Fourth Circuit affirmed Petitioner's conviction. ECF No. 128.

On February 6, 2013, Petitioner filed his first Motion to Vacate, Set Aside, or Correct a

1

Sentence pursuant to 28 U.S.C. § 2255. ECF No. 130. The Court denied that motion on October 22, 2013. ECF No. 140. Petitioner filed a subsequent Motion to Vacate on April 7, 2014, which was procedurally barred as a successive application and dismissed on August 6, 2014. ECF Nos. 146, 151. Petitioner filed another appeal on August 21, 2014 and the Fourth Circuit again affirmed the judgment of the District Court on December 19, 2014. ECF Nos. 152, 155.

Finally, on April 1, 2016, Petitioner filed a Motion for Authorization to File a Successive § 2255 motion. *In re: Terrell Rogers*, No. 16-393. On May 6, 2016, the Fourth Circuit granted Petitioner permission to file a successive § 2255 motion. ECF No. 162. Petitioner filed his Motion to Vacate in the District Court on June 30, 2016. ECF No. 166. In his motion, Petitioner claims that he is entitled to relief pursuant to the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Specifically, Petitioner believes that "his prior convictions are non-qualifying crimes for the purpose of the Armed Career Criminal Act." ECF No. 166 at 4.

## **LEGAL ANALYSIS**

As the Court well knows, pursuant to 18 U.S.C. § 924(e), an armed career criminal is a person convicted under 18 U.S.C. § 922(g) who also has three previous convictions for a violent felony or a serious drug offense, or both. The penalty for such a person is not less than fifteen years. 18 U.S.C. § 924(e)(1). *Johnson* invalidated the residual clause of the ACCA definition for "violent felony" as unconstitutionally vague. 135 S.Ct. at 2558. Here, Petitioner did indeed qualify as an armed career criminal. At sentencing, the Government explained: "I think that the defendant clearly has five qualifying convictions, only needs three to be an armed career criminal. Those convictions are detailed at paragraphs 66, 68, 71, 73, and 76."[1] Sentencing Tr. 12/2/10 at 4. If Petitioner had been sentenced as an armed career criminal, his total offense level

---

[1] The corresponding convictions were: CDS Possession with Intent to Manufacture/Distribute, CDS Possession with Intent to Manufacture/Distribute, Distribution of CDS, Robbery with a Deadly Dangerous Weapon, and Resisting Arrest. PSR at 12-15.

2

would have been 34 and his criminal history category would have been VI, resulting in a guideline sentencing range of 262 to 327 months. Sentencing Tr. 12/2/10 at 5.

However, Petitioner was *not* sentenced as an armed career criminal. Rather, Petitioner's base offense level was determined pursuant to U.S.S.G. § 2A2.1 based on the underlying offense of attempted first degree murder. Sentencing Tr. 12/2/10 at 40-43. At sentencing, the Court explained its calculations:

> In my view, and I think I'm giving Mr. Rogers the benefit of the doubt, because there was evidence that I think would allow a finding that there were permanent injuries, and the guideline reads "permanent or life threatening." In any event, seems clear to me that, without question, that the in between three levels is warranted. So I would increase the base offense level of 33 for group one to add three levels for the bodily injury . . . So the bottom line, then, is that I'm adopting the guidelines with the change indicated in regard to the three levels for the bodily injury. And that indicates a total adjusted offense level of 36, Criminal History Category VI, which renders a sentence range 324 to 405 months.

Sentencing Tr. 12/2/10 at 41-43. To which the Government responded: "[I]f the higher offense level, which the Court has found to be a 36, then I believe the presentence report's finding of his criminal history, which was a Criminal History V, not VI. The VI only comes because of the armed career criminal finding." *Id*. at 43. Based on this clarification, the Court noted: "**I will change my conclusion to indicate a total adjusted offense level of 36, Criminal History Category V, rendering a range of 292 to 365 months**." *Id*. at 44. Therefore, it is clear that *had* Petitioner been sentenced as an armed career criminal, his Criminal History Category would have been VI. Instead, his offense level was determined pursuant to U.S.S.G. § 2A2.1 and his Criminal History Category was points based.[2] Accordingly, Petitioner *was not* sentenced as an Armed Career Criminal (or a career offender) and he is not entitled to relief pursuant to *Johnson*.

---

[2] Petitioner had 11 total criminal history points, which established a Criminal History Category of V. PSR at ¶ 78.

3

Moreover, even if Petitioner were sentenced as an armed career criminal, he still has three prior, qualifying serious drug convictions. Specifically, the PSR indicates a 1998 conviction for possession with intent to manufacture/distribute (case no. 297282005), another 1998 conviction for possession with intent to manufacture/distribute (case no. 298098026), and a 2002 conviction for distribution (case no. 01CR1268). PSR at ¶¶ 66, 68, 71. The invalidation of the residual clause within the definition for "violent felony" has no impact on predicate serious drug convictions. Therefore, Petitioner would still qualify as an armed career criminal even if he was not sentenced as such.

## CONCLUSION

For the reasons stated herein, the government respectfully requests that this Court DISMISS Petitioner's motion with prejudice.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____/s/_____
Debra L. Dwyer
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Response was mailed to:

Terrell Rogers, # 44422-037
Gilmer FCI
P.O. Box 6000
Glenville, WV 26351

By: _____/s/_____
Debra L. Dwyer
Assistant United States Attorney