FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 APR 24 PM 12:50

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       *
                               *
                               *
v.                             *       Criminal No. WMN-09-467
                               *       Civil Action No. WMN-16-2461
TERRELL ROGERS                 *
                               *
                               *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

After a seven day jury trial, Petitioner Terrell Rogers was convicted on June 9, 2010, of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841; and Conspiracy to Engage in Witness Tampering, in violation of 18 U.S.C. § 1512(k). Petitioner was then sentenced on December 2, 2010, to a term of 292 months imprisonment. On December 7, 2011, Petitioner's conviction and sentence were affirmed by the Fourth Circuit Court of Appeals. ECF No. 128. The Supreme Court denied Petitioner's petition for writ of certiorari on March 19, 2012.

On February 6, 2013, Petitioner filed a timely Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. ECF No. 130. The Court issued a Memorandum and Order denying that motion on October 22, 2013. ECF Nos. 139 and 140. Petitioner filed a subsequent Motion to Vacate on April 7, 2014,

ECF No. 146, which the Court found to be procedurally barred as a successive petition and dismissed that motion on August 6, 2014. ECF No. 151. Petitioner appealed that dismissal on August 21, 2014, ECF No. 152, and the Fourth Circuit again affirmed the judgment of this Court on December 19, 2014. ECF No. 155.

On May 6, 2016, the Fourth Circuit issued an order granting authorization for Petitioner to file a successive § 2255 motion after concluding that Petitioner had made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), might apply to his case. Petitioner then filed a third § 2255 motion in this Court on June 30, 2016. ECF No. 166. As the single ground for his motion, Petitioner asserted that the Supreme Court mandate in Johnson entitled him to relief from the Armed Career Criminal Designation: "It is [Petitioner's] position that his prior convictions are non-qualifying crimes for the purpose of the Armed Career Criminal Act." Id. at 4.

In Johnson, the Supreme Court invalidated the "residual clause" that was included in the definition of "violent felony in the Armed Career Criminal Act (ACCA), concluding that it was unconstitutionally vague. 135 S. Ct. at 2558. As the

2

Government points out in its Opposition to Petitioner's motion, Petitioner was not sentenced as an armed career criminal under the ACCA. ECF No. 170 at 3. His sentence was determined, instead, pursuant to United States Sentencing Guideline § 2A2.1. See Dec. 2, 2010, Tr. at 40-44. Accordingly, Johnson has no relevance to Petitioner's sentence.

The Government also notes that, even if Petitioner had been sentenced as an armed career criminal, he still has three prior qualifying serious drug convictions that would not be impacted by Johnson. Thus, post-Johnson, he would still qualify as an armed career criminal. See Presentence Report at ¶¶ 66, 68, 71.

Petitioner filed a 35-page "Opposition to Government's Response to 28 U.S.C. § 2255 Motion to Amend/Supplement Rule 15(c)(1)(B) 2255 Federal Habeas Corpus Proceedings" in response to the Government's Opposition. ECF No. 178.[1] In that submission, Petitioner never directly addresses the Government's argument that Johnson has no impact on the constitutionality of his sentence. Instead, he requests that he be allowed to supplement his § 2255 motion with "(3) additional Issues/Grounds: (1) Ineffective Assistance of Counsel. (2)

---

[1] Much of that submission is simply broiler plate language reciting legal standard for various § 2255 challenges that do not relate to current motion. Parts appear to have been simply pasted from another petitioner's pleading. Id. at 21 (referring to the filing of an application for authorization to file a successive petition by a "Mr. Clayton").

3

Violation of This Petitioner['s] Constitutional Right to Due Process. (3) Illegal Enhancements and Sentence." Id. at 1. In presenting one aspect of his trial counsel's performance that he alleges was ineffective, Petitioner actually acknowledges that he was not sentenced as an armed career criminal. He declares, "[d]uring the sentencing phase, the issue of whether Petitioner was an armed career criminal was tossed around only to be overruled by the Prosecution's leather eating request that Petitioner be sentenced pursuant to the provisions of § 2A1.2, and the Court agreed."

The merits of many of these "additional Issues/Grounds" have been addressed in response to either the initial appeal or Petitioner's previous § 2255 motions. Regardless, they are not properly asserted in this motion. The Fourth Circuit authorized Petitioner to file a second or successive § 2255 motion to bring claims based on Johnson. While the Fourth Circuit has held that petitioners can amend an authorized § 2255 motion to bring additional claims beyond the claim that generated that authorization, the addition of those claims must satisfy Rule 15(a) and then § 2255(h). United States v. McDonald, 641 F.3d 596, 615-616 (4th Cir. 2011).

Here, Petitioner's Motion to Amend/Supplement was not timely under Rule 15(a). Even if it were, the claims do not satisfy § 2255(h), as none of those claims arise from:

4

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner's additional claims rely on neither "new facts" nor a "new rule of constitutional law."

For these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence will be denied. Petitioner's motion to amend will also be denied.

In addition, the Court declines to issue a certificate of appealability. A certificate of appealability may issue only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a certificate of appealability.

A separate order will issue.

                                    /s/
                            William M. Nickerson
                            Senior United States District Judge


DATED: April 24, 2017